IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 1:05-CR-06(WLS) |
| | : | |
| ROBERT WARREN JONES, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER REVOKING PRE-TRIAL RELEASE**

The above named defendant appeared initially on January 26, 2005, having been indicted for one count of conspiracy to possess with intent to distribute hydrocodone, a Schedule III controlled substance, and one count of possession with intent to distribute hydrocodone. The defendant was released from custody on an unsecured bond in the amount of ten thousand dollars and subject to certain conditions. The conditions then established having relevance to this order are as follows: 1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case. 2) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. 3) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote control alcohol testing system, and/or any form of prohibited substance screening or testing. 4) Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

The government, on April 13, 2005, moved for the entry of an order revoking the

defendant's pre-trial release in which it was alleged that the defendant had violated conditions numbered 1) and 2) above on three separate occasions.  This matter was heard on May 4, 2005.

The government submitted documentary evidence that the defendant tested positive for methamphetamine on February 9, 2005, April 1, 2005, and April 8, 2005.  Subsequent to the February violation the defendant was referred to outpatient substance abuse counseling.  The defendant testified and admitted each violation and further that he had participated in substance abuse counseling in 1993 and again in 1997.  The defendant also testified that he worked every day and coached his daughter's softball team.  According to the defendant, his attempt to gain a more favorable sentence subsequent to conviction by cooperating with the Coffee County [Georgia] Drug Task Force is what led him to commit the violations.  The defendant also stated something to the effect of, " I can't be around the stuff." (Obviously referring to methamphetamine)

Based upon the contents of the immediately preceding paragraph I find that the defendant violated the conditions of release numbered 1) and 2) on three occasions.  The defendant is to be commended for the fact that he is gainfully employed and that he coaches his daughter's softball team.  However, the court cannot ignore this defendant's history of substance abuse which obviously continues to plague him and results in  multiple violations of his conditions of pre-trial release.  The court being aware of no additional conditions which it may impose to prevent this defendant from posing a danger to the community and himself hereby **REVOKES** his pretrial release and orders that he be **DETAINED.**  Defense counsel is invited to suggest to the court for consideration any conditions which would serve as a realistic alternative to detention and help the defendant with his obvious substance abuse problem.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**, this 5th day of May 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE